**FILED**
CLERK, U.S. DISTRICT COURT

11/29/2023

CENTRAL DISTRICT OF CALIFORNIA
BY: _____jb_____ DEPUTY

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

March 2023 Grand Jury

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff,<br><br>　　　　v.<br><br>LEONEL ADAIR ADAME,<br>　aka "gliizzy42," and<br>CAMERON DESEAN HULL,<br>　aka "bagchasn_cam42,"<br><br>　　　　Defendants. | ED CR No. 5:23-cr-00244-PA<br><br>I N D I C T M E N T<br><br>[18 U.S.C. § 922(a)(1)(A):<br>Engaging in the Business of<br>Dealing in Firearms Without a<br>License; 21 U.S.C. § 846:<br>Conspiracy to Distribute Fentanyl<br>and Methamphetamine; 18 U.S.C.<br>§ 922(g)(1): Felon in Possession<br>of Firearms and Ammunition;<br>21 U.S.C. §§ 841(a)(1),<br>(b)(1)(B)(vi), (viii), (b)(1)(C):<br>Distribution of Fentanyl and<br>Methamphetamine; 21 U.S.C. § 853,<br>18 U.S.C. § 924(d)(1), 28 U.S.C.<br>§ 2461(c): Criminal Forfeiture] |

The Grand Jury charges:

COUNT ONE

[18 U.S.C. §§ 922(a)(1)(A), 2(a)]

[ALL DEFENDANTS]

Beginning on an unknown date, but no later than May 23, 2022, and continuing through on or about October 25, 2022, in Riverside County, within the Central District of California, and elsewhere,

defendants LEONEL ADAIR ADAME, also known as ("aka") "gliizzy42," and CAMERON DESEAN HULL, aka "bagchasn_cam42," aiding and abetting each other and others known and unknown to the Grand Jury, not personally being licensed as importers, manufacturers, or dealers of firearms, willfully engaged in the business of dealing in firearms, specifically, the sales of the following firearms on or about the following dates and attempted sales of other firearms, including firearms of unknown manufacturer and bearing no legitimate manufacturer's mark or serial number (commonly referred to as "ghost guns" or "privately manufactured firearms"):

| Date | Firearms |
| --- | --- |
| May 24, 2022 | A privately manufactured 9mm caliber pistol |
| June 1, 2022 | A privately manufactured .40 caliber pistol. |
| June 14, 2022 | A Colt, Model 1911, .45 caliber pistol, bearing serial number 371127. |

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

COUNT TWO

[21 U.S.C. § 846]

[ALL DEFENDANTS]

A.  OBJECTS OF THE CONSPIRACY

Beginning on a date unknown to the Grand Jury, but no later than June 1, 2022, and continuing to on or about October 25, 2022, in Riverside County, within the Central District of California, and elsewhere, defendants LEONEL ADAIR ADAME, also known as ("aka") "gliizzy42," and CAMERON DESEAN HULL, aka "bagchasn_cam42," and others known and unknown to the Grand Jury, conspired with each other to knowingly and intentionally distribute the following controlled substances:

1.   At least 40 grams of a mixture or substance containing a detectable amount of N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] propanamide ("fentanyl"), a Schedule II narcotic drug controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1), (b)(1)(B)(vi); and

2.   At least five grams of methamphetamine, a Schedule II controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1), (b)(1)(B)(viii).

B.  MANNER AND MEANS OF THE CONSPIRACY

The objects of the conspiracy were to be accomplished, in substance, as follows:

1.   Defendants ADAME and HULL would advertise and accept orders for controlled substances, including pills resembling "M30" oxycodone pills containing fentanyl ("fentanyl pills") and methamphetamine, through Instagram.

3

2.    Defendants ADAME and HULL would obtain controlled substances from known and unknown sources of supply for distribution to customers.

3.    Defendants ADAME and HULL would distribute controlled substances to customers.

C.    OVERT ACTS

In furtherance of the conspiracy and to accomplish its objects, on or about the following dates, defendants ADAME and HULL, and others known and unknown to the Grand Jury, committed various overt acts within the Central District of California, and elsewhere, including, but not limited to, the following:

Overt Act No. 1:    On June 1, 2022, following the sale of a firearm to an undercover agent with the United States Bureau of Alcohol, Tobacco, Firearms, and Explosives (the "UC") who pretended to be a firearm and controlled substance purchaser, defendant ADAME discussed selling methamphetamine to the UC.

Overt Act No. 2:    On June 14, 2022, defendants ADAME and HULL sold the UC a Colt, Model 1911, .45 caliber pistol, bearing serial number 371127, and pills constituting approximately 3.445 grams of a substance containing fentanyl.

Overt Act No. 3:    On June 14, 2022, defendants ADAME and HULL discussed future drug transactions with the UC, and defendant ADAME told the UC that the UC could contact defendant HULL to obtain methamphetamine.

Overt Act No. 4:    On June 21, 2022, defendant HULL met with the UC and sold the UC pills constituting approximately 98.1 grams of a substance containing fentanyl.

<u>Overt Act No. 5:</u>    On August 23, 2022, defendants ADAME and HULL met with the UC and sold the UC pills constituting approximately 77 grams of a substance containing fentanyl.

<u>Overt Act No. 6:</u>    On October 25, 2022, defendant HULL met with the UC and sold the UC approximately 45 grams of methamphetamine.

COUNT THREE

[18 U.S.C. § 922(g)(1)]

[DEFENDANT ADAME]

On or about May 24, 2022, in Riverside County, within the Central District of California, defendant LEONEL ADAIR ADAME, also known as "gliizzy42," knowingly possessed the following ammunition, in and affecting interstate and foreign commerce:

1.   Three rounds of Blazer 9mm caliber ammunition;

2.   One round of Remington-Peters 9mm caliber ammunition;

3.   One round of GFL 9mm caliber ammunition; and

4.   One round of Barnaul 9mm caliber ammunition.

Defendant ADAME possessed such ammunition knowing that he had previously been convicted of a felony crime punishable by a term of imprisonment exceeding one year, namely, Vandalism, in violation of California Penal Code Section 594(a), in the Superior Court of the State of California, County of Riverside, case number RIF2100807, on or about April 2, 2021.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

COUNT FOUR

[18 U.S.C. § 922(g)(1)]

[DEFENDANT ADAME]

On or about June 1, 2022, in Riverside County, within the Central District of California, defendant LEONEL ADAIR ADAME, also known as "gliizzy42," knowingly possessed ammunition, namely, four rounds of Federal .40 caliber ammunition, in and affecting interstate and foreign commerce.

Defendant ADAME possessed such ammunition knowing that he had previously been convicted of a felony crime punishable by a term of imprisonment exceeding one year, namely, Vandalism, in violation of California Penal Code Section 594(a), in the Superior Court of the State of California, County of Riverside, case number RIF2100807, on or about April 2, 2021.

COUNT FIVE

[21 U.S.C. §§ 841(a)(1), (b)(1)(C); 18 U.S.C. § 2(a)]

[ALL DEFENDANTS]

On or about June 14, 2022, in Riverside County, within the Central District of California, defendants LEONEL ADAIR ADAME, also known as ("aka") "gliizzy42," and CAMERON DESEAN HULL, aka "bagchasn_cam42," aiding and abetting each other, knowingly and intentionally distributed fentanyl, a Schedule II narcotic drug controlled substance.

1                                           COUNT SIX

2                               [18 U.S.C. § 922(g)(1)]

3                               [DEFENDANT ADAME]

4      On or about June 14, 2022, in Riverside County, within the

5 Central District of California, defendant LEONEL ADAIR ADAME, also

6 known as "gliizzy42," knowingly possessed the following firearm and

7 ammunition, in and affecting interstate and foreign commerce:

8      1.   A Colt, Model 1911, .45 caliber pistol, bearing serial

9 number 371127; and

10      2.   Nine rounds of Winchester .45 caliber ammunition.

11      Defendant ADAME possessed such firearm and ammunition knowing

12 that he had previously been convicted of a felony crime punishable by

13 a term of imprisonment exceeding one year, namely, Vandalism, in

14 violation of California Penal Code Section 594(a), in the Superior

15 Court of the State of California, County of Riverside, case number

16 RIF2100807, on or about April 2, 2021.

COUNT SEVEN

[21 U.S.C. §§ 841(a)(1), (b)(1)(B)(vi)]

[DEFENDANT HULL]

On or about June 21, 2022, in Riverside County, within the Central District of California, defendant CAMERON DESEAN HULL, also known as "bagchasn_cam42," knowingly and intentionally distributed at least 40 grams, that is, approximately 98.1 grams, of a mixture and substance containing a detectable amount of N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] propanamide ("fentanyl"), a Schedule II narcotic drug controlled substance.

COUNT EIGHT

[21 U.S.C. §§ 841(a)(1), (b)(1)(B)(vi); 18 U.S.C. § 2(a)]

[ALL DEFENDANTS]

On or about August 23, 2022, in Riverside County, within the Central District of California, defendants LEONEL ADAIR ADAME, also known as ("aka") "gliizzy42," and CAMERON DESEAN HULL, aka "bagchasn_cam42," aiding and abetting each other, knowingly and intentionally distributed at least 40 grams, that is, approximately 77 grams, of a mixture and substance containing a detectable amount of N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] propanamide ("fentanyl"), a Schedule II narcotic drug controlled substance.

COUNT NINE

[21 U.S.C. §§ 841(a)(1), (b)(1)(B)(viii)]

[DEFENDANT HULL]

On or about October 25, 2022, in Riverside County, within the Central District of California, defendant CAMERON DESEAN HULL, also known as "bagchasn_cam42," knowingly and intentionally distributed at least five grams, that is, approximately 45 grams, of methamphetamine, a Schedule II controlled substance.

1              FORFEITURE ALLEGATION ONE

2        [21 U.S.C. § 853; 18 U.S.C. § 924; 28 U.S.C. § 2461(c)]

3        1.    Pursuant to Rule 32.2(a) of the Federal Rules of Criminal

4   Procedure, notice is hereby given that the United States of America

5   will seek forfeiture as part of any sentence, pursuant to Title 21,

6   United States Code, Section 853, Title 18, United States Code,

7   Section 924, and Title 28, United States Code, Section 2461(c), in

8   the event of any defendant's conviction of the offenses set forth in

9   any of Counts Two, Five, Seven, Eight, or Nine of this Indictment.

10       2.    The defendant, if so convicted, shall forfeit to the United

11  States of America the following:

12            (a)   All right, title and interest in any and all property,

13  real or personal, constituting or derived from, any proceeds which

14  the defendant obtained, directly or indirectly, from any such

15  offense;

16            (b)   All right, title and interest in any and all property,

17  real or personal, used, or intended to be used, in any manner or

18  part, to commit, or to facilitate the commission of any such offense;

19            (c)   All right, title, and interest in any firearm or

20  ammunition involved in or used in any such offense; and

21            (d)   To the extent such property is not available for

22  forfeiture, a sum of money equal to the total value of the property

23  described in subparagraphs (a), (b), or (c).

24       3.    Pursuant to Title 21, United States Code, Section 853(p),

25  and as incorporated by Title 28, United States Code, Section 2461(c),

26  the defendant, if so convicted, shall forfeit substitute property if,

27  by any act or omission of the defendant, the property described in

28  the preceding paragraph, or any portion thereof: (a) cannot be

13

located upon the exercise of due diligence; (b) has been transferred, sold to, or deposited with a third party; (c) has been placed beyond the jurisdiction of the court; (d) has been substantially diminished in value; or (e) has been commingled with other property that cannot be divided without difficulty.

1                    FORFEITURE ALLEGATION TWO

2            [18 U.S.C. § 924(d)(1) and 28 U.S.C. § 2461(c)]

3        1.    Pursuant to Rule 32.2 of the Federal Rules of Criminal

4    Procedure, notice is hereby given that the United States of America

5    will seek forfeiture as part of any sentence, pursuant to Title 18,

6    United States Code, Section 924(d)(1), and Title 28, United States

7    Code, Section 2461(c), in the event of any defendant's conviction of

8    the offenses set forth in any of Counts One, Three, Four, or Six of

9    this Indictment.

10       2.    The defendant, if so convicted, shall forfeit to the United

11   States of America the following:

12           (a)    All right, title, and interest in any firearm or

13   ammunition involved in or used in any such offense; and

14           (b)    To the extent such property is not available for

15   forfeiture, a sum of money equal to the total value of the property

16   described in subparagraph (a).

17       3.    Pursuant to Title 21, United States Code, Section 853(p),

18   as incorporated by Title 28, United States Code, Section 2461(c), the

19   defendant, if so convicted, shall forfeit substitute property, up to

20   the value of the property described in the preceding paragraph if, as

21   the result of any act or omission of the defendant, the property

22   described in the preceding paragraph or any portion thereof

23   (a) cannot be located upon the exercise of due diligence; (b) has

24   been transferred, sold to, or deposited with a third party; (c) has

25   been placed beyond the jurisdiction of the court; (d) has been

26   ///

27   ///

28

                                    15

substantially diminished in value; or (e) has been commingled with

other property that cannot be divided without difficulty.

A TRUE BILL

/S/
_____
Foreperson

E. MARTIN ESTRADA
United States Attorney

MACK E. JENKINS
Assistant United States Attorney
Chief, Criminal Division

SEAN D. PETERSON
Assistant United States Attorney
Chief, Riverside Branch Office

JOHN A. BALLA
Assistant United States Attorney
Deputy Chief, Riverside Branch
Office